UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRADLEY CRAPPS | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : FILE NO.: 5:16-cv-00437 |
| WAFFLE HOUSE, INC., | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Bradley Crapps files his Complaint against Defendant Waffle House, Inc., and shows this Court as follows:

### NATURE OF THE ACTION

1.

This is an action against for disability discrimination, harassment, and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

## PARTIES

2.

Plaintiff Bradley Crapps is a citizen who resides in Bibb County in Georgia.

3.

Waffle House, Inc. is a corporation organized under the laws of the State of Georgia, with its corporate offices at 5986 Financial Drive, Norcross, Georgia, 30071. It is subject to an action under the ADA and can be served with summons and complaint upon its Registered Agent, GREGORY J NEWMAN, 5986 FINANCIAL DRIVE, Gwinnett, NORCROSS, GA, 30071.

## JURISDICTION AND VENUE

4.

The claims brought in this lawsuit present federal questions and jurisdiction in this Court are proper under 28 U.S.C. §§'s 1331, 1337, and 1343(a)(4).

5.

Venue of this suit is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b). All of the unlawful acts against Plaintiff occurred in this judicial district and division.

6.

On October 22, 2014, Plaintiff filed a timely EEOC Charge concerning the discriminatory and retaliatory events against him that are described in this Complaint. A notice of right to sue letter dated June 30, 2016 was received on July 5, 2016.

**FACTUAL ALLEGATIONS**

7.

Plaintiff suffers from muscular dystrophy, a disability, as defined by the ADA, which among other things, substantially limited him in the ability to stand and walk for long periods without risking injury.

8.

Plaintiff applied for a Door Corps position with Defendant, which is a job designed for people with disabilities or elderly employees.

9.

During his interview with Defendant's Division Manager Brandon Osman and District Manager Chris Grande, Plaintiff disclosed his disability and described that it prevented him from standing for long periods.

10.

Before he was hired, Plaintiff requested an accommodation of allowing him to take a five to ten minute break from standing at least every four hours.

11.

If Plaintiff does not have such breaks, fatigue in his muscles can cause him to fall and his disability makes him much more likely to injure himself. His disability also impedes his ability to recover from such an injury.

12.

Osman and Grande agreed to the accommodation and hired Plaintiff on or about the first week of September 2013.

13.

The Store Unit General Manager, Benjamin Petitt, however, immediately began harassing Plaintiff about using his accommodation.

14.

Petitt also told other unit employees that he did not like Plaintiff taking breaks and was going to find a reason to fire him (which he did just about two weeks later).

15.

While he was not even working, Plaintiff was ticketed for driving under the influence. Plaintiff's blood test showed no alcohol or other illegal substances in his system, but was ticketed because of the slurred speech caused by his disability.

16.

When Plaintiff showed up for his next scheduled shift on April 13, 2014, Petitt terminated him for allegedly violating the "Drug-Free Work Place Policy."

17.

Under Defendant's own policies, an off-duty ticket for a DUI is not a terminable offense.

18.

Plaintiff called Defendant's Complaint Hotline to complain that at least three other employees had not been terminated for receiving DUI's and

that he was replaced by an employee whom another Waffle House unit had just terminated for smoking marijuana while at work.

19.

During this call, Plaintiff also reported that Petitt harassed him for because of his disability and for exercising his accommodation.

20.

Defendant never investigated Plaintiff's harassment claims or took any remedial action against Petitt.

21.

On March 8, 2014, Corporate Human Resources reversed the termination and Plaintiff returned to work on March 25, 2014.

22.

Plaintiff was not provided back pay, however, for the work that he missed while terminated.

23.

Pettit continued to harass Plaintiff because of his disability and for using his accommodation.

24.

On June 6, 2014, Petitt informed Plaintiff that he was terminating him because there was not enough work to justify his position at the store.

25.

Defendant's internal termination paperwork that was given to Plaintiff at his termination stated that he was terminated because of "Lack of Work/ Position Elimination."

26.

Just one day later, Petitt hired someone to replace Plaintiff in the Door Corps position.

27.

Plaintiff complained about his termination and the harassment.

28.

Defendant's investigation was designed to avoid confronting the harassment and to attack Plaintiff for conduct that he had never been disciplined for while employed, and to affirm that Defendant did grant the accommodation.

29.

Defendant never took any remedial action towards Petitt for his harassment.

30.

After Plaintiff filed an EEOC Charge, the parties participated in mediation before an EEOC mediator. The mediation failed.

31.

In order to cut off Plaintiff's back pay damages, not to remedy the harassment or the unlawful termination, Defendant offered Plaintiff his Door Corps position.

32.

Plaintiff accepted the position.

33.

Defendant then withdrew the offer because a petition had been signed by customers and employees complaining that Plaintiff had engaged in "threatening and intimidating behavior" that creates an "unsafe working environment."

34.

Pettit and the store employees he has poisoned with his complaints about Plaintiff's use of an accommodation, solicited this petition. Soliciting customers violates Defendant's policies, but no manager or store employee was disciplined for doing so.

35.

After a complaint about this retaliatory activity, Defendant offered Plaintiff a Door Corps position at another store.

36.

Plaintiff accepted the position.

37.

While his new Store Manager grants Plaintiff's accommodation, Division Manager Brandon Osman instructed Plaintiff to scrape the weeds off the sidewalk.

38.

This duty, which is not part of Plaintiff's job duties, required Plaintiff to get on his hands and knees.

39.

Most stores, including the store Plaintiff worked in, spray weed killer to accomplish this task.

40.

Defendant's discrimination, harassment, and retaliation have caused Plaintiff financial hardship and severe emotional distress.

41.

The emotional impact on Plaintiff has made him question whether he can ever work any job if he cannot succeed in a job designed for individuals with disabilities.

## COUNT ONE
## DISABILITY DISCRIMINATION UNDER THE ADA

42.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

43.

Defendant discriminated against Plaintiff by terminating him twice because of his disability.

44.

As a result of the Defendant's discriminatory acts, which caused Plaintiff injury, he is entitled to recover the relief requested below.

## COUNT TWO
## FAILURE TO ACCOMMODATE UNDER THE ADA

45.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

46.

Defendant discriminated against Plaintiff by failing to allow him to exercise his accommodation without being harassed or discouraged from doing so.

47.

As a result of the Defendant's discriminatory acts, which caused Plaintiff injury, he is entitled to recover the relief requested below.

## COUNT THREE
## HOSTILE WORK ENVIRONMENT UNDER THE ADA

48.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

49.

Defendant discriminated against Plaintiff by creating a hostile work environment towards him because of his disability.

50.

Defendant's manager, Petitt, harassed Plaintiff for asserting and taking his accommodation and poisoned Plaintiff's relationship with his co-worker's.

51.

The repeated harassment of described above was both severe and pervasive.

52.

Defendant knew of or had reason to know of the harassment, but took no effective investigative or remedial action to stop it.

53.

As a result of the Defendant's discriminatory acts, which caused Plaintiff injury, he is entitled to recover the relief requested below.

## COUNT FOUR
## RETALIATION UNDER THE ADA

54.

Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

55.

Defendant retaliated against Plaintiff because he engaged in the protected activity of requesting and exercising an accommodation, complaining of discrimination internally, and by filing an EEOC Charge.

56.

Defendant retaliated against harassing him for taking an accommodation, poisoning his relationship with co-workers and customers, terminating him twice, reneging on an offer of reinstatement, and assigning him work duties that were not part of his job duties.

57.

As a result of the Defendant's retaliatory acts, which caused Plaintiff injury, he is entitled to recover the relief requested below.

WHEREFORE, Plaintiff prays:

a. That Summons issue requiring Defendant to answer the Complaint within the time provided by law;

b. That Plaintiff be awarded a declaratory judgment that Defendant violated the ADA;

c. That Plaintiff recover from Defendant back pay damages;

d. That Plaintiff recover from Defendant compensatory damages in an amount to be determined by a jury;

e. That Plaintiff recover punitive damages against Defendant in an amount to be determined by a jury;

f. That Plaintiff recover attorney's fees and costs of litigation under the ADA and other applicable federal law;

g. That the Court award Plaintiff any other or further relief as it deems necessary and proper, or equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

**Local Rule 7.1.D Certification:**

By signature below, counsel certifies that the foregoing pleading was prepared in Century Schoolbook, 13 point font in compliance with Local Rule 5.1B.

Respectfully submitted this 30th day of June, 2016.

        T. Robert Reid, LLC

        <u>s/ Tilden Robert Reid, II</u>
        T. Robert Reid
        Ga. Bar No. 600138

        1030 Woodstock Road
        Suite 3112
        Roswell, Georgia  30075
        Telephone (678) 743-1064
        Facsimile (404) 549-4136
        robreidattorney@gmail.com

        Attorney for Plaintiff